**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**


Jeffrey Bennett and
Bennett Law Firm PA

    v.                        NH Civil No. 1:04-ds-401-PB
                                 ME Civil No. 2:04-cv-212-GNZ

St. Paul Fire and Marine
Insurance Company


**O R D E R**


       Defendant moves for a protective order under Fed. R. Civ. P.

26(c).  Plaintiffs move for an order compelling discovery

responses under Fed. R. Civ. P. 37(a)(2).  The Court rules on

both motions herein, and clarifies a previous discovery order.

       A.   Prior Discovery Order

       In an order dated August 17, 2005, this Court ruled on the

Plaintiffs' first motion for an order compelling discovery.  The

Court found that Plaintiffs' Requests for Production of Documents

nos. 1-6 and Request for Admissions nos. 1-5 were at issue.  In

discussing its rulings, however, the Court did not address

Request for Production of Documents No. 6, which seeks:

> A true and legible copy of each document of any name or
> nature evidencing or discovered or generated incident
> to, St. Paul's investigation of any claim brought by
> Scott A. Liberty against Jeffrey Bennett and/or The
> Bennett Law Firm, P.A.

Defendant stated in response to this discovery request:

> St. Paul objects to this request to the extent that it
> seeks documents shielded from discovery by the
> attorney-client privilege or by Rule 26(b)(3).  Subject
> to these objections, St. Paul will produce for
> inspection any non-privileged documents within the
> scope of this request.

With regard to Defendant's response, the Court intended to find
that Defendant claims that it has produced all non-privileged
documents responsive to Plaintiffs' request.  Defendant cannot
produce more than it has.  To the extent that any of the
documents that Defendant submitted for <u>in camera</u> inspection are
responsive to Request for Production of Documents No. 6, they are
protected by the attorney-client privilege and not discoverable.

 B. <u>Motion for Protective Order</u>

 The Plaintiffs served the Defendant a notice of their intent
to take the deposition of John S. Whitman, Esq., Defendant's
attorney in this action.  Prior to the date set for the
deposition, Defendant moved for a protective order under Fed. R.
Civ. P. 26(c) to prevent the deposition from going forward.[1]

---

 [1]Rule 26(c) provides in pertinent part that, upon a showing
of good cause, the court "may make any order which justice
requires to protect a party or person from annoyance,
embarrassment, oppression, or undue burden or expense," including
an order that the discovery or disclosure not be had.  Fed. R.
Civ. P. 26(c).

Plaintiffs object to Defendant's motion.  <u>See</u> Doc. No. 39
(memorandum of law in support of Plaintiff's second motion to
compel and opposing Defendant's motion for protective order).

While protective orders totally prohibiting a deposition are
rarely granted, federal courts give special scrutiny to requests
to take the deposition of the opposing party's attorney.  <u>W.</u>
<u>Peninsular Title Co. v. Palm Beach County</u>, 132 F.R.D. 301, 302
(S.D. Fla. 1990); <u>see also</u>, <u>Dunkin' Donuts, Inc. v. Mandorico,</u>
<u>Inc.</u>, 181 F.R.D. 208, 209 (D.P.R. 1998) (finding that federal
courts do not look favorably on attempts to depose opposing
counsel and citing cases).  The majority of courts use a three-
part test, set forth in <u>Shelton v. Am. Motors Corp.</u>, 805 F.2d
1323, 1327 (8th Cir. 1986), to determine whether the deposition
of a party's attorney should be permitted.  <u>See</u> James Wm. Moore
et al., <u>Moore's Federal Practice</u> § 26.105.[2][b][ii] (3d ed.
2004).  Under the three-part test,

> the deposition of opposing counsel should be limited to
> situations where the party seeking to take the
> deposition has shown that: "(1) no other means exist to
> obtain the information than to depose opposing counsel,
> . . . (2) the information sought is relevant and
> nonprivileged; and (3) the information is crucial to
> the preparation of the case."

<u>Dunkin' Donuts</u>, 181 F.R.D. at 210 (quoting <u>Shelton</u>, 805 F.2d at

1327).

Defendant argues that Attorney Whitman's deposition should not be permitted because the affidavits filed in the briefing on the Plaintiffs' motion for a preliminary injunction already sets forth the facts pertinent to the Plaintiffs' claims. Defendant further argues that if Attorney Whitman's deposition is permitted to go forward any testimony that he might be required to give is likely to fall within the scope of the attorney–client privilege. Defendant asserts that it retained Attorney Whitman as its coverage counsel in April 2002. From then until the present Attorney Whitman has provided coverage advice and other legal services to Defendant regarding litigation involving the Plaintiffs and a third party named Scott Liberty. Attorney Whitman has served as Defendant's attorney in this action since the Plaintiffs commenced this suit in September 2004.

Defendant argues that good cause supports the entry of a protective order prohibiting Attorney Whitman's deposition because if the deposition is permitted to go forward, Attorney Whitman and his law firm may be required to withdraw from this action. See Maine Bar Rule 3.5(b)(1) (providing that if a lawyer is called as a witness in litigation concerning the subject

4

matter of the lawyer's employment, the lawyer and the lawyer's firm shall withdraw from representation at the trial unless the court otherwise orders).  Defendant asserts that it would suffer grave prejudice should that happen.

In response to Defendant's arguments, Plaintiffs do not dispute that the Defendant can establish that the attorney–client privilege applies to Attorney Whitman's potential testimony. Rather, Plaintiffs argue that "they should be permitted to take Attorney Whitman's deposition, and that the documents requested in the Notices be produced <u>notwithstanding their usual or otherwise privileged or immune character</u>."  <u>See</u> Pls.' Mem. of Law In Support of Second Mot. For Order Compelling Discovery Responses And Opposing Def.'s Mot. for Protective Order at 9 (emphasis added); <u>see also</u> <u>id.</u> at 10 ("Jeffrey Bennett does not seek a sweeping removal of the privilege . . . but rather, only as to Count V, wherein Bennett alleges that St. Paul breached its contractual obligations to Bennett by abruptly and unilaterally terminating its funding of the Adversary Proceeding brought by Bennett against Liberty it had authorized two years ago").

In this case, proceeding in federal court based on diversity jurisdiction, Defendant's privilege claims are governed by Maine

5

law.  See Fed. R. Evid. 501; see also Gagne v. Ralph Pill Elec.
Supply Co., 114 F.R.D. 22, 24 (D. Me. 1987) (finding that an
assertion of the attorney-client privilege in a diversity action
was controlled by Maine law).  The general rule of attorney-
client privilege under Maine law is set forth in Rule 502(b) of
the Maine Rules of Evidence, which provides that:

> A client has a privilege to refuse to disclose and to
> prevent any other person from disclosing confidential
> communications made for the purpose of facilitating the
> rendition of professional legal services to the client
> (1) between the client or the client's representative
> and the client's lawyer or the lawyer's representative
> . . . .

Me. R. Evid. 502(b).  There are six exceptions to the attorney-
client privilege under Maine law.  See Me. R. Evid. 502(d).  To
obtain discovery of attorney-client communications, the
Plaintiffs have the burden of establishing an exception to the
attorney-client privilege.  See FDIC v. Ogden Corp., 202 F.3d
454, 460 (1st Cir. 2000) ("If the privilege is established and
the question becomes whether an exception to it obtains, the
devoir of persuasion shifts to the proponent of the exception.").

The Plaintiffs do not present any argument that supports an
exception to the attorney-client privilege in this case.  Instead
the Plaintiffs argue that Attorney Whitman's testimony is

relevant to Plaintiffs' claim that Defendant wrongfully terminated funding of an adversary proceeding brought by Jeffrey Bennett against Scott Liberty.  Relevance by itself, however, is insufficient to overcome the privilege.  Therefore, Plaintiffs cannot satisfy the test used to determine whether the deposition of an opposing counsel should be permitted to go forward.

Furthermore, Plaintiffs make no argument that Attorney Whitman has relevant information apart from matters that are likely to be covered by the attorney-client privilege.  Defendant has shown that good cause supports its request for an order preventing the Plaintiffs from calling Attorney Whitman as a witness, and thereby subjecting him and his law firm to having to withdraw as counsel in this action, because the Plaintiffs are unlikely to obtain discoverable information.  Therefore, Defendant's motion for a protective order is granted.

C.   Second Motion to Compel

The Plaintiffs present a number of issues for the Court to consider in their second motion to compel.  The Court addresses those issues seriatim below.

1.   Request for Admission No. 2

Plaintiffs assert that the Defendant has not complied with

7

the Court's August 17, 2005 Order requiring Defendant to file a
supplemental response of "admit" or "deny" to Request No. 2 in
Plaintiffs' First Request for Admissions.  In its objection,
Defendant asserts that it "has complied with the Court's order by
serving an amended response to ¶ 2 of the Request for
Admissions."  While the Defendant does not indicate when its
amended response was served, the Plaintiffs have not replied to
challenge the Defendant's assertion.  It appears, therefore, that
no further relief is warranted with regard to this request.

> 2.   Request Nos. 2-4 in Plaintiffs' First Request
>      For Production of Documents

Plaintiffs assert that Defendant has not complied with the
Court's August 17, 2005 Order requiring Defendant to file a
supplemental response to Request Nos. 2-4 in Plaintiffs' First
Request for Production of Documents.  Defendant responds that it
"has complied with the Court's order by serving . . . an amended
response to ¶¶ 2-4 of the Request for Production, producing all
documents within the scope of the Order."  While the Defendant
does not indicate when its amended response was served, the
Plaintiffs have not replied to challenge the Defendant's
assertion.  It appears, therefore, that no further relief is
warranted with regard to this request.

8

3.   <u>Plaintiffs' Interrogatories</u>

In their second motion to compel, Plaintiffs assert that the Court failed to rule on Defendant's responses to Plaintiffs' Interrogatories.  Plaintiffs mentioned Defendant's objections to Plaintiffs' Interrogatories in their first motion to compel, but they did not clearly present any argument regarding the interrogatories or request a ruling on Defendant's responses. Plaintiffs cannot expect a ruling on issues that are not clearly presented to the Court for decision.  The Court denies Plaintiffs' first motion to compel with respect to Defendant's responses to the Plaintiffs' Interrogatories.

4.   <u>Second Request for Production of Documents</u>

The Plaintiffs give the following summary of their Second Request for Production of Documents in their motion to compel:

> Generally speaking, the Request seeks documents
> generated by St. Paul, by OneBeacon Insurance Company
> or their respective counsel concerning the
> interrelationship among St. Paul, Scott Liberty,
> Michael Liberty or their respective homeowner's
> insurance carriers, Hanover Insurance Company and
> OneBeacon Insurance Company.

<u>See</u> Mem. of Law In Support of Pls.' Second Mot. for Order Compelling Discovery Responses and Opposing Def.'s Mot. for Protective Order at 6.  Plaintiffs assert that they are

9

requesting this discovery because Attorney Whitman revealed that
he has served as coverage counsel to OneBeacon Insurance Company
and to Hanover Insurance Company pertaining to Jeffrey Bennett's
claims against Michael Liberty and Scott Liberty under their
homeowner's policies.  <u>Id.</u> at 6-7.  Without specifically
identifying any of their requests, Plaintiffs argue that the
Defendant should be ordered to respond to Plaintiffs' Second
Request for Production of Documents as to which attorney/client
privilege and/or work product immunity was asserted.

In response to the motion to compel as it pertains to the
Second Request for Production of Documents, Defendant states:

> Defendant has responded to ¶ 1 (stating that there are
> no such documents) and ¶ 9 (stating that the file of
> their expert witness will be made available at the time
> of his deposition).  The Defendant has objected to ¶¶
> 2-8, however, all of which request documents embodying
> communications between Attorney Whitman's firm, St.
> Paul and/or OneBeacon.  It is not necessary to set
> forth each request <u>verbatim</u> to see that the documents
> requested are not only irrelevant, but for the most
> part reflect attorney/client communications, work
> product within the meaning of Rule 26(b)(3), or both.

Def.'s Mem. of Law In Opp'n to Pl.'s Second Mot. for Order
Compelling Discovery at 4.  The Court has reviewed Plaintiffs'
Second Request for Production of Documents and Defendant's
responses.  With respect to Request for Production No. 1, no

further response is necessary.  With respect to Request for

Production No. 9, which seeks copies of all documents generated

by, reviewed by, or relied upon by Defendant's expert witness,

Defendant's response is insufficient.  Defendant may not withhold

the requested documents until the time of the deposition.

Defendant is ordered to serve a supplemental response producing

all documents responsive to ¶ 9.

With respect to Request for Production Nos. 2-8, even if the

requested documents are relevant to this action, which is

questionable,[2] Plaintiffs do not dispute that the documents are

covered by the attorney-client privilege and work product

protections.  Plaintiffs have not presented any arguments that

invoke an exception to the privilege.  Therefore, the documents

covered by Request for Production Nos. 2-8 are not discoverable.

Plaintiffs' request for an order compelling the Defendant to file

an amended response to Request Nos. 2-8 is denied.

---

[2]The Court notes that Plaintiffs assert that they are
concerned about "the conflict of interest implications" of
Attorney Whitman's representation of the Defendant in this case
and Attorney Whitman's representation at other times of insurance
carriers for parties in related litigations involving the
Plaintiffs.  Plaintiffs have not demonstrated that they have
standing to make a conflict of interest claim, however, as
Plaintiffs do not assert that either Attorney Whitman or his law
firm has represented the Plaintiffs, or any of the other parties,
in the underlying cases.

5.   <u>Depositions Notices</u>

Plaintiffs argue that Defendant should be ordered to produce Attorney Whitman and Michael Spinelli, one of Defendant's senior adjusters, for depositions to testify relative to communications between Attorney Whitman and Spinelli regarding Defendant's involvement in the defense of the adversary proceeding brought by Scott Liberty against Jeffrey Bennett and a second adversary proceeding brought by Jeffrey Bennett against Scott Liberty, including billing, cost and expense issues.  Plaintiffs further argue that the Defendant should be ordered to respond to the document requests made in Attorney Whitman's and Spinelli's deposition notices.[3]

The Court addressed Plaintiffs' request to depose Attorney Whitman in its discussion of Defendant's Motion for a Protective Order above.  That discussion need not be repeated here. Defendant states that it does not object to the request to take Spinelli's deposition, presumably to the extent that Plaintiffs seek non-privileged information, but Defendant objects to the document requests in Plaintiffs' deposition notice.  Defendant argues that the document requests are merely a rehash of the

---

[3]The document production requests in the Spinelli and Whitman deposition notices are identical.

Plaintiffs' previous document requests.  Indeed, the requests in ¶¶ 1-9 of the deposition notice are the same as Request Nos. 1-9 in Plaintiffs' First Request for Production of Documents, and the requests in ¶¶ 14-22 of the deposition notice are the same as Request Nos. 1-9 in Plaintiffs' Second Request for Production of Documents.  It appears that Plaintiffs' purpose for this repetition was to obtain the production of any responsive documents that Defendant has not already produced.  <u>See</u> Mem. of Law In Support of Pls.' Second Mot. for Order Compelling Discovery Responses and Opposing Def.'s Mot. for Protective Order at 9.  The Court shall order the Defendant to serve a supplemental discovery response confirming whether it has any additional, non-privileged, documents responsive to Request Nos. 2-4 and 7-9 in Plaintiffs' First Request for Production of Documents, and producing any such documents that exist.  The documents sought in Plaintiffs' Second Requests for Production of Documents have been addressed above in this order.

The remaining document requests in Plaintiffs' deposition notice, which have not previously been addressed by this Court, are made in ¶¶ 10, 11, 12 and 13.  The request in ¶ 10 seeks: "A privilege log identifying by date, author, recipient(s) and

13

general subject matter each document withheld from the foregoing production on the basis of asserted attorney client privilege or work product immunity."  Defendant objected to this request "on the ground that it does not seek the production of any existing documents, but rather purports to impose an obligation on the Defendant to prepare a document that does not presently exist." In its objection to the motion to compel, Defendant further responds that the documents withheld from production in response to ¶¶ 1-9 in the deposition notice have already been submitted to the Court for <u>in</u> <u>camera</u> inspection and found in this Court's August 17, 2005 Order to be "clearly protected by the attorney-client privilege."  <u>See</u> Doc. No. 37.

Based on the Defendant's representation that it has already produced the documents to the Court for <u>in</u> <u>camera</u> review, the Court finds that no further response is necessary to the request in ¶ 10 of the Plaintiffs' deposition notice.  The Court notes, however, that it should not have taken a motion to compel for Defendant to provide Plaintiffs that information.

Defendant does not object to the request in ¶ 11 of the deposition notice, which seeks a copy of the deponent's curriculum vitae.  Defendant is ordered to produce a copy of the

curriculum vitae if it has not already done so.

The request in ¶ 12 of the deposition notice seeks: "Supplementation for the foregoing responses as to any responsive documents located or generated since October 1, 2004." Defendant objected to this request "on the ground that it seeks documents that are shielded from discovery by the attorney/client privilege and/or by Rule 26(b)(3)." In its objection to the motion to compel, Defendant further responds that:

> St. Paul has previously produced the contents of its file in the underlying litigation (withholding only those attorney/client documents that the Court has found to be privileged) up to October 1, 2004. As of that date, the present lawsuit had begun, and any subsequent documents generated by St. Paul or its counsel were, virtually by definition, either attorney/client communications or documents prepared by a party or its representative in anticipation of litigation. Notwithstanding the objection, however, the Defendant will search its file and produce for inspection any post–October 1, 2004 file documents which may exist, that do not fall within the scope of either privilege.

Def.'s Mem. of Law in Opp'n to Pls.' Second Motion for Order Compelling Discovery at 6. The Court notes again, that it should not have taken the filing of a motion to compel for Defendant to provide the Plaintiffs a more complete answer to its discovery request. The same search that Defendant now offers to undertake for post–October 1, 2004 documents could have been done when the

15

discovery request was made.  The Court orders Defendant to confirm in a supplemental response whether its search resulted in the discovery of any additional responsive, non-privileged, post-October 1, 2004 documents, and to produce any such documents.

The request in ¶ 13 of the deposition notice seeks: "A true copy of each internal memorandum generated at St. Paul relating to the Adversary Proceeding initiated in the United States Bankruptcy Court for the District of Maine by Jeffrey Bennett against Scott Liberty."  Defendant objected to this request to the extent that it seeks production of documents that are protected by the attorney-client privilege or by Fed. R. Civ. P. 26(b)(3).  Defendant further responds in its objection to the motion to compel that "St. Paul will search its files to determine whether any such non-privileged documents exist[]; and if so, St. Paul will produce any such document for inspection." Def.'s Mem. of Law in Opp'n to Pls.' Second Mot. for Order Compelling Discovery at 7.  The Court orders Defendant to confirm in a supplemental response whether its search resulted in the discovery of any responsive, non-privileged, documents that are subject to the request in ¶ 13 of the deposition notice, and to produce any such documents.

16

D.   <u>Request for Costs and Attorneys' Fees</u>

Plaintiff requests that the Court award Plaintiff its costs and attorneys' fees incurred in the preparation of its second motion to compel.  As the Court finds that most of the Defendant's objections were substantially justified, the Court further finds that an award to Plaintiffs of their costs and attorney's fees in preparing its motion to compel is not warranted.

E.   <u>Conclusion</u>

Defendant's Motion for Protective Order (document no. 38) is granted.  Plaintiffs' Second Motion for Order Compelling Discovery Responses (document no. 39) is granted in part and denied in part.  The Court orders the Defendant to provide the Plaintiffs the following supplemental responses: (1) a response confirming whether Defendant has identified any additional, non-privileged, documents responsive to Request Nos. 2–4 and 7–9 in the Plaintiffs' First Request for Production of Documents, and producing any such documents with its response; (2) a response producing all documents responsive to ¶ 9 in the Spinelli deposition notice; (3) a copy of Spinelli's curriculum vitae in accordance with ¶ 11 of Spinelli's deposition notice; (4) a

response confirming that Defendant has searched for post-October 1, 2004 documents responsive to Plaintiffs' document requests, and producing any non-privileged documents with its response; and (5) a response confirming that Defendant has searched for responsive, non-privileged, documents pertinent to ¶ 13 in the Spinelli deposition notice and producing any such documents with its response.  Defendant shall serve all supplemental responses required by this order within 10 (ten) days from the date of this order.  All other requests in Plaintiffs' second motion to compel discovery responses are denied.

       **SO ORDERED.**

                       James R. Muirhead
                    United States Magistrate Judge

Date:   November 3, 2005

cc:     Jens-Peter W. Bergen, Esq.
        Anne H. Cressey, Esq.
        Paul S. Douglass, Esq.
        U.S. District Court-ME, Clerk
        John S. Whitman, Esq.