UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Jeffrey Bennett and
The Bennett Law Firm, P.A.
                               ME Civil No. 04-cv-212-GNZ
   v.                            NH Civil No. 04-ds-401-PB

St. Paul Fire and Marine
Insurance Co.

**O R D E R**

Plaintiffs move for an award of attorney's fees associated with Counts II, V and VII of their second amended complaint. Defendant objects.

Background

Judge Barbadoro's "Memorandum and Order" of May 12, 2006 details the background facts of the lawsuit. It is unnecessary to repeat them here.

It is clear that, with the exception of Count II and Count VII as it relates to Count II, every count of the amended complaint was either withdrawn, moot (see document no. 70, n.8) or decided in favor of defendant on Summary Judgment. Document no. 70, p.19. Put another way the plaintiffs failed to prevail on eight of the nine counts in the complaint. Despite having failed to prevail on Counts V and the bulk of Count VII on summary judgment and again on Count V in its request for

reconsideration (document no. 70, Order of may 3, 2007), plaintiffs seek legal fees as a prevailing party on Counts V and VII.

Count II involved reimbursement for $4,900 in transcripts. Because of an unresolved factual dispute the claim was not resolved by summary judgment. Defendant made it abundantly clear in its motion to amend its answer that the cost of defending Count II exceeded the value of the claim. Document no. 71. It yielded "a small point to the other party in the interest of economy" and amended its answer to not contest the claim.

## Discussion

Plaintiffs lost Counts V and at least part of Count VII[1] on summary judgment. They lost a motion to reconsider on Count V and it is too late to seek reconsideration on the portion of Count VII which was lost. I deny the claim for fees as the prevailing party on either count. Fees as a prevailing party are denied on all portions of Count VII other than as it relates to Count II.

Plaintiffs did get a judgment on Count II for the $4,900 of

---

[1] While Judge Barbadoro did state that Bennett failed to state a claim for relief under § 2436-A his grant of summary judgment on Count VII did not exclude legal fees for plaintiffs on Count II if they prevailed.

transcripts.  They prevailed because defendant conceded the claim as a matter of economics and judicial economy.  The motion, document no. 81, states in pertinent part that they are the "'prevailing party' as to Count II . . . pursuant to Tile 24-A M.R.S.A. § 2436-A (Count VII)."  If any fees are payable as a prevailing party under § 2436-A it is because of the judgment on Count II.

### a. Title 24-A § 2436-A

Plaintiffs' claim for fees is, according to plaintiffs, "found in Title 24-A § 2436-A".  Plaintiffs have not set forth which portion of § 2436-A they say was violated by defendant.  The gist of their claim seems to be that defendant "initially cinch(ed) its purse tightly in the face of Bennett's defense counsel's request for payment toward the cost of transcripts deemed by him to be necessary to Bennett's defense . . . ."  Document no. 81.1[2]  This claim does not appear to fit within any of the provisions of § 2436-A and plaintiffs have made no effort to show that it does.  "It is not the job of this, or any other, court to construct arguments . . . on behalf of a party."

The failure to pay for transcripts simply does not fit into

---

[2]Arguments as they relate to Count V are not considered as that Count was dismissed by summary judgment.

the language of any subdivision of § 2436-A. The motion, as it relates to § 2436-A, is therefore denied.

### b. 24-A M.R.S.A. § 2436-B

Count II is a breach of contract claim, not a declaratory judgment claim. Plaintiffs did not prevail on the declaratory judgment claim (Count I)[3] and 24-A M.R.S.A. § 2436-B applies only to such claims. Thus, § 2436-B claim, as part of the summary judgment order, was already dismissed. Plaintiffs are not prevailing parties on the declaratory judgment claim. The motion is denied as to § 2436-B.

### Conclusion

In conclusion, plaintiffs have failed to show any legal basis for attorney's fees on Count II and are not "prevailing parties" on any other count.

The motion (document no. 81) is denied.

**SO ORDERED.**

/s/ James R. Muirhead
James R. Muirhead
United States Magistrate Judge

Date: June 25, 2007

---

[3] See Document no. 70, ¶ 9, n.7-8 (each issue of Count I was dealt with in turn.

```
cc:     Jens-Peter W. Bergen, Esq.
        Robert A. Chaney, Esq.
        Paul S. Douglass, Esq.
        Jeffrey A. Goldwater, Esq.
        U.S. District Court-ME, Clerk
        John S. Whitman, Esq.
```